8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chris R. FARLEY, Petitioner,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.
 No. 91-70762.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1993.
Decided Oct. 4, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges, and LEGGE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Chris Farley petitions for review of the Department of Agriculture's decision finding him "responsibly connected" with Farley and Calfee, Inc., and prohibiting him from working as or for an agricultural broker for a period of at least one year. Specifically, he claims that: (1) the agency erred in applying a per se standard rather than a rebuttable presumption in determining who is "responsibly connected" within the scope of 7 U.S.C. § 499a(9), and (2) the agency erred in finding that he failed to rebut the presumption that he was "responsibly connected" with Farley and Calfee, Inc. We affirm.
 
 
 4
 I. Standard of Review.
 
 
 5
 We must uphold the decision of the administrative agency unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Farley and Calfee, Inc. v. United States Dept. of Agriculture, 941 F.2d 964, 966 (9th Cir.1991). We review the agency's factual findings to determine whether they are supported by substantial evidence on the whole record. NLRB v. Howard Elec. Co., 873 F.2d 1287, 1290 (9th Cir.1989). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir.1988).
 
 
 6
 II. Analysis.
 
 Section 499a(9) provides:
 
 7
 [t]he term "responsibly connected" means affiliated or connected with a commission merchant, dealer, or broker as ... (B) officer, director, or holder of more than 10 per centum of the outstanding stock of a corporation or association.
 
 
 8
 7 U.S.C. § 499a(9). The question we are asked to address in this appeal is whether Section 499a(9) establishes a per se rule or creates a rebuttable presumption that an officer, director, or substantial shareholder is "responsibly connected" for purposes of the PACA. Other circuits have split on the issue. See Farley and Calfee, Inc., 941 F.2d at 968 n. 5. The Third, Fifth, and Eighth Circuits have read this section to establish a per se rule--that is, any officer, director, or substantial shareholder of a company found to have violated the PACA may be barred from employment as or for an agricultural broker. See Faour v. United States Dept. of Agriculture, 985 F.2d 217 (5th Cir.1993); Pupillo v. United States, 755 F.2d 638 (8th Cir.1985); and Birkenfield v. United States, 369 F.2d 491 (3d Cir.1966). The D.C. Circuit, in contrast, has read the statute to raise only a rebuttable presumption. Quinn v. Butz, 510 F.2d 743 (D.C.Cir.1975). Under this reading, an officer, director, or substantial shareholder of a violator may rebut the presumption that he is "responsibly connected" with the violator by showing that he or she was merely a "nominal" officer or director lacking any actual authority over the operations of the company. Id. See also Minotto v. United States Dept. of Agriculture, 711 F.2d 406 (D.C.Cir.1983).
 
 
 9
 We need not resolve this legal question, however, because the agency followed the rule more liberal to Farley. The decision applied the rebuttable presumption rule, but found that Farley did not bear his burden of proof:
 
 
 10
 In Quinn v. Butz, the U.S. Court of Appeals for the District of Columbia established and in two more recent cases, Martino v. U.S.D.A. and Schmidt v. U.S.D.A., 801 F.2d 1410 (D.C.Cir.1986), reaffirmed the principle that a petitioner should be afforded the opportunity to rebut the Agency determination of responsible connection, but clearly places the burden of proof on the petitioner. It is my conclusion that Petitioner has failed to sustain that burden. Under the circumstances, Petitioner must be held "responsibly connected" with Farley and Calfee, Inc.
 
 
 11
 There was substantial evidence to support this determination. The evidence allowed for the conclusions that the younger Farley managed the business when his parents were out of town, had check-writing and borrowing authority, both of which were exercised at least once, and that he personally assisted with the books and records and some accounts. The Agency's presiding officer found it "inconceivable that Petitioner was nothing more than a figurehead" in this small family firm with which he had been associated as a vice president for eight years and a director for two.
 
 
 12
 This is not to say that, were we reviewing de novo, we would reach the same conclusion as the Agency. We are not authorized to engage in de novo review of the facts and do not. See N.L.R.B. v. International Brotherhood of Electrical Workers, Local 1547, 971 F.2d 1435, 1436 (9th Cir.1992) ("While we might have come to a different conclusion, it is not our place to second-guess the agency"). Nor do we venture an opinion on whether it is good policy to exclude a person not proved to be actually responsible for the prior nonpayment from honest employment in the industry in which he has been employed his entire adult life. That is a legislative judgment. Nor do we determine whether prosecution was an exercise of prosecutorial discretion adequately considering the conduct of Mr. Farley and the harshness of the result. That is an executive function. Within our limited scope of review, we cannot overturn the administrative determination, because there was substantial evidence to support it.
 
 
 13
 We DENY the petition, and AFFIRM the Agency's order.
 
 PREGERSON, Circuit Judge, dissenting:
 
 14
 I dissent.
 
 
 15
 I would adopt for this circuit the approach of the District of Columbia, and hold that a petitioner "should be afforded the opportunity to rebut the Agency determination of responsible connection." See Schmidt v. U.S.D.A., 801 F.2d 1410, 1413 (D.C.Cir.1986); Quinn v. Butz, 510 F.2d 743, 756 (D.C.Cir.1975). I would therefore affirm the decision of the Department of Agriculture (the "Department") to the extent that it applied the proper interpretation of 7 U.S.C. § 499a(9) (defining "responsibly connected").
 
 
 16
 I would, however, find that the Department abused its discretion by concluding that Chris Farley, Jr. ("Farley") failed to sustain his burden of rebutting the presumption. Farley submitted evidence more than sufficient to rebut the presumption that he was "responsibly connected" with Farley and Calfee, Inc., a corporation owned and controlled by Chris's father, Chris Farley, Sr. The evidence in the record demonstrates that:
 
 
 17
 (1) Farley was a full-time college student and a basketball player when he was elected vice president of Farley and Calfee, Inc. in 1978;
 
 
 18
 (2) During 1978 through 1981, Farley worked summers for his father to earn money for his tuition;
 
 
 19
 (3) Farley signed one company check while his parents were out of town on vacation, and signed one promissory note under similar circumstances;
 
 
 20
 (4) Farley's principal function for the firm was to take orders, which he did pursuant to his father's direction and approval;
 
 
 21
 (5) Farley worked as a sports counselor and had his own produce route at the same time he worked for Farley and Calfee;
 
 
 22
 (6) Farley has never owned an interest in Farley and Calfee, Inc.
 
 
 23
 Together, the evidence conclusively demonstrates only that Farley was a "purely nominal" officer, rather than a "genuine" one. Martino, 801 F.2d at 1413; Quinn, 510 F.2d at 756 n. 84.
 
 
 24
 Counsel for the government admitted at oral argument that this was a close case, at about 51 to 49. I am convinced that the Department's decision was capricious, and produced an unjust and harsh result on an innocent bystander: a young man who had no power to control the corporation's activities.
 
 
 
 *
 The Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3